UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARDO SILVA,

Plaintiff,

v. Case No. 8:26-cv-2442-VMC-LSG

AIRHEADS HVAC, INC.,

Defendant.
_______________________________/

**ORDER**

This matter is before the Court pursuant to the Notice of Settlement (Doc. # 16) and settlement agreement (Doc. # 16-1), filed on October 21, 2026. The Court approves the settlement and dismisses the case with prejudice.

**I. Background**

Plaintiff Leonardo Silva filed this action against his former employer, alleging violation of the overtime provisions of the Fair Labor Standards Act (FLSA) and breach of his employment contract through the failure to pay wages. (Doc. # 1). In the complaint, Plaintiff alleges he worked for Defendant as an HVAC tech for two weeks, from June 15 to June 26, 2026. (Id. at 2). He alleges that he is owed unpaid wages of $1,647 and liquidated damages of $1,371, for a total of $3,018. (Id.).

On October 21, 2026, the parties filed a notice of settlement and a copy of their settlement agreement. (Doc. # 16; Doc. # 16-1). The parties ask the Court to approve the settlement, "dismiss this action with prejudice, retain jurisdiction for 45 days to enforce the terms of the settlement agreement and close the file." (Doc. # 16 at 2).

## II. **Analysis**

Plaintiff alleges that Defendant violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $1,647 in overtime wages and $1,371 in liquidated damages. (Doc. # 16-1 at 2). Critically, this settlement provides Plaintiff the entire relief he requested in his complaint. (Doc. # 1 at 2).

It has also been agreed that Plaintiff's counsel will receive $4,222.50 in fees and costs. (Doc. # 16-1 at 3). The parties represent that the attorney's fees to be paid to counsel were "negotiated independently of the Plaintiff's wage recovery, ensuring that the Plaintiff's statutory

recovery was not diluted or compromised by the attorney's fee arrangement." (Doc. # 16 at 2).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the settlement reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED** that:

(1) The Court approves the settlement of Plaintiff's FLSA claim.

(2) This case is **DISMISSED WITH PREJUDICE.**

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

(3) The Court declines to retain jurisdiction to enforce the settlement agreement.

(4) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE